14-1792-cv
Barry v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
          JOHN M. WALKER, JR.,
          REENA RAGGI,
                    *Circuit Judges*.
-----------------------------------------------------------------------
JENNIFER M. BARRY,
                    *Plaintiff-Appellant*,


          v.                                           No. 14-1792-cv

CAROLYN W. COLVIN, Acting Commissioner of
Social Security,
                    *Defendant-Appellee.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:       KENNETH R. HILLER, Law Offices of
                               Kenneth Hiller PLLC, Amherst, New York.

1

APPEARING FOR APPELLEE: DANIEL R. JANES, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*), New York, New York, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 25, 2014, is AFFIRMED.

Plaintiff Jennifer Barry challenges the district court's affirmance of the Commissioner of Social Security's denial of her application for disability benefits. We review the administrative record de novo, but we will set aside the agency decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotation marks omitted). We have defined "substantial evidence" as more than a "mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits. See Talavera v. Astrue, 697 F.3d 145, 153 (2d Cir. 2012). We assume the parties' familiarity

with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

On appeal, Barry argues that the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") determination was not supported by substantial evidence because it failed to account for her inability to maintain a regular schedule.[1] "When determining a claimant's RFC, the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted). In this regard, the regulations provide a two-step process for evaluating a claimant's symptoms. "At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." Id. If so, at the second step, the ALJ must consider "the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work." 20 C.F.R. § 404.1529(a); see Genier

---

[1] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. Id. § 416.945(a)(3). This court must affirm an ALJ's RFC determination when it is supported by substantial evidence in the record. See 42 U.S.C. § 405(g); Perez v. Charter, 77 F.3d 41, 46 (2d Cir. 1996).

v. Astrue, 606 F.3d at 49; see also SSR 96–7p, 1996 WL 374186, at \*2 (July 2, 1996) ("[O]nce an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.").   "The ALJ must consider '[s]tatements [the claimant] or others make about [her] impairment(s), [her] restrictions, [her] daily activities, [her] efforts to work, or any other relevant statements [she] make[s] to medical sources during the course of examination or treatment, or to [the agency] during interviews, on applications, in letters, and in testimony in [its] administrative proceedings.'"   Genier v. Astrue, 606 F.3d at 49 (quoting 20 C.F.R. § 404.1512(b)(3)); see also 20 C.F.R. § 404.1529(a); SSR 96–7p, 1996 WL 374186.

Applying this framework here, the ALJ determined that Barry's medically determinable impairment could reasonably be expected to cause her symptoms, but that "[her] statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not credible" to the extent they were inconsistent with the ALJ's RFC assessment.   J.A. 26.   In making the latter determination, the ALJ first observed that Barry misrepresented facts during her testimony; for example, her statement that she last used marijuana six months before the hearing was at odds with her earlier statement—made to an examining physician—that she used marijuana in December 2010, approximately three months before the hearing.   The ALJ then noted that (1) no medical

4

evidence corroborated Barry's professed symptoms between the alleged onset date in January 2005 and her first psychiatric evaluation in August 2009; (2) very little credible evidence existed concerning Barry's substance abuse and its impact on her symptoms of depression; (3) Barry's treating physician never recommended or placed any restrictions on her, despite her allegations of totally disabling symptoms; (4) Barry described daily activities, including grocery shopping for up to an hour, that were "not limited to the extent one would expect [in light of her] complaints of disabling symptoms and limitations"; and (5) Barry had not fully complied with her treatment regimen, which "suggests that the symptoms may not have been as limiting as [she] alleged in connection with [her] claim." J.A. 26–27. The ALJ therefore concluded that "[t]he medical records fail to establish the presence of a chronic or permanent impairment causing disabling limitations," and that "[Barry's] specific allegations are not credible when compared with the record." J.A. 26; see 20 C.F.R. § 404.1529(a); SSR 96–7p, 1996 WL 374186.

Upon an independent review of the record, we conclude that the challenged RFC determination was supported by substantial evidence. In urging otherwise, Barry points to an "uncontradicted" medical source statement from Dr. Rachel Hill, a consulting physician who opined that Barry could not maintain a regular schedule, and Barry asserts that the ALJ erred by refusing to include any corresponding limitation in his RFC assessment. We disagree. First, notwithstanding Barry's contrary suggestion, the ALJ considered the entire case record in reaching his decision, including Dr. Hill's opinion. See 20 C.F.R. § 404.1529(c)(1), (3); SSR 96–7p, 1996 WL 374186. Indeed, the ALJ

expressly cited Dr. Hill's opinion that Barry could not maintain a regular schedule. See J.A. 24. Moreover, Dr. Hill's opinion in this regard did not bind the ALJ, see 20 C.F.R. § 404.1527(d)(2), who was entitled to exercise discretion in reviewing the record evidence in its totality and in evaluating Barry's statements about her symptoms and limitations, see id. § 404.1529(c)(4); Genier v. Astrue, 606 F.3d at 49; see also SSR 96–7p, 1996 WL 374186, at *5 (stating that ALJ must evaluate claimant's statements and statements and reports of medical sources, along with any other relevant information in case record, and "draw appropriate inferences and conclusions about the credibility of the [claimant's] statements"). Indeed, although Dr. Hill opined that Barry could not maintain a regular schedule, Dr. Hill also acknowledged that Barry could understand and follow simple directions and relate to others. See J.A. 260–61. As discussed above, substantial evidence—including Barry's own statements; treatment notes from her physicians; and the opinion of Dr. Andrews, a state agency psychologist, who concluded that Barry had no significant limitations in performing activities within a schedule, maintaining regular attendance, or being punctual within customary tolerances—supported the ALJ's challenged RFC assessment. See 20 C.F.R. § 404.1527(e)(2)(i) (stating that ALJ must consider findings and other opinions of state agency psychologists). Accordingly, we identify no error in the ALJ's determination that Barry's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible, or in the Commissioner's denial of disability benefits.

We have considered Barry's remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7